10-668-ag
Sunherland v. Holder

BIA
Laforest, IJ
A097 700 830

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

HOPELY SUNHERLAND,
> *Petitioner,*

v.                                          10-668-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        H. Raymond Fasano, Madeo & Fasano, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Paul F. Stone, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Hopely Sunherland, a native and citizen of Indonesia, seeks review of a January 29, 2010, decision of the BIA, affirming the March 5, 2008, decision of Immigration Judge ("IJ") Brigitte Laforest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hopely Sunherland,* No. A097 700 830 (B.I.A. Jan. 29, 2010), *aff'g* No. A097 700 830 (Immig. Ct. N.Y. City Mar. 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions for the sake of completeness. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably found that Sunherland, who does not claim to have suffered past persecution, failed to

establish that he would be singled out for persecution based on his Seventh Day Adventist religion if he returned to Indonesia. *See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2); *see also Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). Sunherland based his claim on an incident in which he witnessed two individuals ask for the pastor of a church he was attending and state that they did not want services to continue. Sunherland testified that he was not threatened or mistreated during this event, or at any other time, and that the police began guarding his church in 2000 and continued to do so at the time of his hearing in 2008. As Sunherland's testimony and evidence did not indicate that he would be singled out for persecution, the agency did not err in finding that he failed to demonstrate an objectively reasonable fear of persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Furthermore, the agency examined the evidence Sunherland submitted and reasonably found that he failed to establish a pattern or practice of persecution of Seventh Day Adventists similarly situated to him. *See Mufied*, 508 F.3d at 91; *see also Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). As the BIA found, the State Department's

3

2007 International Religious Freedom Report for Indonesia did not indicate any suppression of Seventh Day Adventists and stated that the Indonesian government generally respects freedom of religion.  The agency also reasonably considered Sunderland's fear of persecution to be diminished because his parents and siblings, who are also practicing Seventh Day Adventists, continue to live in Indonesia without incurring any harassment or mistreatment.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Furthermore, the agency sufficiently considered all of the evidence Sunherland submitted and adequately explained its findings, as, in its decision, the BIA explicitly relied on and discussed the evidence in the record, including the 2007 State Department Report.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

Lastly, Sunherland asserts that the agency erred by not discussing each of the *Matter of Mogharrabi* elements when it found that he failed to establish his eligibility for asylum.  *See* 19 I. & N. Dec. 439, 445 (BIA 1987).  However, although the agency did not discuss *Mogharrabi*, it found that Sunherland failed to meet the first of the four *Mogharrabi* elements: that he possessed a belief that a

4

persecutor sought to overcome by means of punishment. *See id.*

Accordingly, because the agency's determination that Sunherland failed to establish a well-founded fear of future persecution is supported by substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007), the agency did not err in denying his asylum application. Because Sunherland was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his Seventh Day Adventist beliefs, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal because both claims rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Sunherland does not raise any challenge to the agency's denial of his CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk